## LIEDORFF, Plaintiff, v. LIEDORFF, Defendant.

Common Pleas Court, Erie County.

Filed June 4, 1953.

Richard Wennes, for plaintiff.
Lewis L. Marquart, Sandusky, for defendant.

### OPINION

By McCRYSTAL, J.

This case arose as the result of a petition for divorce filed by the wife and a general denial filed by the husband. The parties, both of whom were previously married, separated on April 7, 1952, after living together for a period of almost eleven months.

The plaintiff charged her husband with gross neglect of duty and extreme cruelty. Evidence introduced on behalf of the plaintiff, was that the defendant on many occasions expressed to his wife a desire to commit suicide and wishing to be beside his previously deceased wife, in the cemetery, and that on at least one occasion, he attempted suicide, or at least went through all of the outward appearances of an attempt, by lying on the bath room floor, with a gas jet turned on and bundled in an overcoat.

One of the plaintiff's daughters by a previous marriage, testified that the defendant admitted to her the attempt at suicide and that on previous occasions she had heard him state that he wished he was dead. Another daughter of the plaintiff, corroborated the plaintiff's testimony that the de-

fendant had made repeated assertions that he wished he was dead.

The defendant in his testimony denied any suicide attempt or the making of any statement concerning his death, or a desire to be with his deceased wife. Strangely enough, the defendant testified that the plaintiff's daughter who had previously testified concerning his admissions as to the suicide attempts, was his favorite step-daughter and he further admitted that prior to her testimony in Court, he had always found her to be truthful and trustworthy.

Based upon all the evidence, the Court is of the opinion that the defendant did attempt suicide, or at least went through all of the outward motions, so as to convey to his wife, the idea that he was attempting it.

The question then arises, would the attempted suicide accompanied by prior and subsequent statements of an intent to destroy ones self, or statements expressing a desire to be dead, constitute grounds for divorce in this State? An exhaustive search has failed to find any cases which deal directly with this question. The case of Dodge v. Dodge, 142 Atl. 178, is of some help, but the question involved here, does not squarely present itself in that case.

It is the opinion of the Court that a bona fide attempt at suicide accompanied by prior and subsequent statements of a desire to commit suicide, or to be dead, which acts and statements are made known to the other party to the marriage, constitutes extreme cruelty, as that term has been defined by the courts in this State.

The above statements must naturally be qualified to the extent that the party attemping the suicide or making the statement, must be otherwise mentally competent and rational. Such acts or statements when made by a person mentally ill, or otherwise incompetent, of course. would not and could not constitute grounds for divorce. The question might arise, as to whether the suicide attempt and accompanying statements were bona fide or merely done or made to aggravate the other party to the marriage, but it appears to the Court that the ultimate effect of such acts or statements, regardless of the intent with which they were done or made, would be the same and constitute extreme cruelty.

It is therefore, the opinion of the Court that a divorce be granted to the plaintiff for extreme cruelty, and a judgment entered against the defendant for her costs.